**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| JOHN DEMOTA<br>            Plaintiff,<br><br>        v.<br><br>WALMART STORES EAST, LP; BRUCE D.<br>MICHAELS REALTY PARTNERS, LP; and 2101<br>BLAIR MILL ASSOCIATES, LLC<br>            Defendants. | CIVIL ACTION<br><br>NO. 2:26-cv-4614<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS', WAL-MART STORES EAST, LP, BRUCE D. MICHAELS REALTY
PARTNERS, LP, AND 2101 BLAIR MILL ASSOCIATES, LLC,
<u>NOTICE OF REMOVAL</u>**

Defendants, Wal-Mart Stores East, LP, Bruce D. Michaels Realty Partners, LP, and 2101

Blair Mill Associates, LLC (hereinafter referred to as "Defendants"), by and through their

undersigned counsel, Law Offices of McDonnell & Associates, P.C., hereby file this Notice of

Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from

the Philadelphia County Court of Common Pleas, March Term 2026, No. 00853, where it is

currently pending, to the United States District Court for the Eastern District of Pennsylvania, and

aver in support thereof as follows:

1.      Plaintiff John Demota (hereinafter "Plaintiff") initiated this cause of action by filing

a Complaint in the Philadelphia County Court of Common Pleas on March 5, 2026. *See* a copy of

Plaintiff's Complaint attached hereto at Exhibit "A."

2.      Walmart filed Preliminary Objections to Plaintiff's Complaint on April 10, 2026.

*See* a copy of Walmart's Preliminary Objections attached hereto at Exhibit "B."

3.      Plaintiff filed an Amended Complaint on April 14, 2026. *See* a copy of Plaintiff's

Amended Complaint attached hereto at Exhibit "C."

1

4.     Walmart filed an Answer with New Matter on May 14, 2026. *See* a copy of Walmart's Answer with New Matter attached hereto at Exhibit "D."

5.     Defendants Bruce D. Michaels Realty Partners and 2101 Blair Mill Associates, LLC answered Plaintiff's Amended Complaint on May 6, 2026. A copy of the Landlord Defendants' Answer with New Matter is attached hereto as Exhibit "E."

6.     Plaintiff filed a preliminary objection seeking to strike paragraph 22 of Landlord Defendants' New Matter, which was sustained on June 10, 2026. *See* a copy of the Court's Order attached hereto as Exhibit "F."

7.     Plaintiff alleges that on or about August 5, 2026, he slipped and fell on water leaking from the ceiling inside the Willow Grove Walmart store. *See* Exhibit "C," ¶¶ 2, 10.

8.     Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest **properly** joined and served as a defendant is a citizen of the state in which such action is brought.

9.     For the reasons set forth more fully below, this Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the properly joined parties are citizens of different states and the matter in controversy exceeds $75,000.

I.     **Plaintiffs Are Diverse from All Properly Joined and Served Defendants.**

10.     Plaintiff diverse from the only properly joined and served Defendant, Wal-Mart Stores East, LP.

11.     Plaintiff is a citizen of the Commonwealth of Pennsylvania. *See* Exhibit "C," ¶ 1.

12.     Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of Delaware with a principal place of business in Bentonville, Arkansas. Walmart Inc. is the

ultimate and sole (100%) owner of Wal-Mart Stores East, LP through wholly-owned operating entities as follows: Walmart Inc., a citizen of Delaware and Arkansas, is the sole (100%) member of Wal-Mart Stores East, LLC (WMSE). Therefore, WMSE is a citizen of Delaware and Arkansas. WMSE is the sole (100%) member of both WSE Management, LLC and WSE Investment, LLC. Therefore, WSE Management, LLC and WSE Investment, LLC are also citizens of Delaware and Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Wal-Mart Stores East, LP is a citizen of the States of Delaware and Arkansas since its partners are citizens of Delaware and Arkansas. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (". . . a partnership, as an unincorporated entity, takes on the citizenship of each of its partners.").

13.    In addition to Wal-Mart Stores East, LP, Plaintiff named the property landlord as a Co-Defendant. *See* Exhibit "C," caption, where Plaintiff names "Bruce D. Michaels Realty Partners, LP" and "2101 Blair Mill Associates, LLC."

14.    Plaintiff claims that each Defendant "was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 2101 Blair Mill Rd in Willow Grove, PA." *See* Exhibit "C," ¶¶ 2, 3, 4.

15.    However, the claims against Bruce D. Michaels Realty Partners, LP and 2101 Blair Mill Associates, LLC (hereinafter referred to as the "Landlord") are not colorable as Wal-Mart Stores East, LP subleased, solely operated, and solely maintained the Willow Grove Walmart store at all material times.

16.    Pursuant to the <u>Ground</u> Lease, Walmart leased the land outright and was permitted to construct any buildings or improvements upon the land. The Landlord retained no right to

3

control or maintain the property. The Lease provides: "when the Premises is to be delivered to Lessee **possession of the entire Premises will be delivered to Lessee** . . . ." *See* pertinent portions of the Lease, including § 16(b)(ii) (emphasis added), and a document identifying Wal-Mart Stores East, LP as the sublessee, attached hereto at Exhibit "E."

17. In other words, the Landlord was out of possession and therefore cannot be held liable under Pennsylvania law.

18. "As a general rule, a landlord out of possession is not liable for injuries incurred by third parties on the leased premises because the landlord has no duty to such persons." *Jones v. Levin*, 2007 PA Super 412, P7, 940 A.2d 451, 454 (Pa. Super. 2007) (citations omitted). This general rule is based on the legal view of a lease transaction as the equivalent of a sale of the land for the term of the lease. *Id.* (*citing Deeter v. Dull Corporation, Inc.*, 420 Pa. Super. 576, 617 A.2d 336, 339 (Pa. Super. 1992)). Thus, "liability is premised primarily on possession and control and not merely [on] ownership." *Id. (citations omitted).*

19. Plaintiff's claims against the Landlord are identical to the claims against Walmart and arise solely from its purported duty on the land, which it did not have. Therefore, the claims against the Landlord are not colorable and these Defendants' citizenship may be disregarded for diversity purposes.

20. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-216 (3d Cir. 2006) (*citing Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

21. "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse

defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Briscoe*, *id.* at 216.

22.    "'Fraudulent joinder' is a term of art – a demonstration of outright fraud or bad faith is not necessary to render a party fraudulently joined. Rather, the standard consists of two independently sufficient tests – one objective and one subjective." *Lopez v. Home Depot, Inc.*, 2008 U.S. Dist. LEXIS 56292, *4-5 (E.D. Pa. Jul. 22, 2008) *(citing Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

23.    Joinder is fraudulent "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, **or** no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Arndt v. Johnson & Johnson*, 2014 U.S. Dist. LEXIS 28629, *8-9 (E.D. Pa. Mar. 5, 2014) (*quoting Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)) (emphasis added).

24.    In determining whether there has been a fraudulent joinder, the Court may "'look beyond the allegations of plaintiffs' complaint' and examine the underlying facts." *Lopez*, 2008 U.S. Dist. LEXIS 56292 at * 5 (*quoting Abels*, 770 F.2d at 32).

25.    As set forth in the Lease, the only named Defendant with any control over the premises was Wal-Mart Stores East, LP.

26.    Therefore, the Landlord's inclusion in this lawsuit does not defeat diversity of citizenship. *In re Diet Drugs*, 220 F. Supp. 2d 414, 419 (E.D. Pa. Aug. 13, 2002) (stating that "[t]he presence of a party fraudulently joined cannot defeat removal").

27.    The Middle District of Pennsylvania recently found that a landlord was fraudulently joined under similar circumstances. *See Oressey v. KinderCare Educ. LLC*, 2018 U.S. Dist. LEXIS 83836, *5-7 and n.3, 2018 WL 2287629 (M.D. Pa. May 18, 2018) (denying a motion

for remand where KinderCare occupied and operated the premises and had constructed the building upon the leased land, holding that the non-diverse landlord was out of possession). A copy of the *Oressey* opinion is attached hereto at Exhibit "E."

28.    For the reasons set forth herein, Plaintiff is diverse from the only properly joined Defendant, and the requirements for removal under 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied.

## II.    The Amount in Controversy Exceeds the Jurisdictional Minimum of $75,000.

29.    Plaintiff's Amended Complaint alleges that he sustained disc protrusions and a pinky fracture. *See* Exhibits "A" and "C," at ¶ 14.

30.    Further, the Amended Complaint claims damages "in excess of Fifty Thousand ($50,000.00) Dollars ***but not in excess of*** Seventy-Five Thousand ($75,000.00) Dollars." *See* Exhibits "A," and "C" at *ad damnum* clause.

31.    Therefore, the Complaint itself was insufficient to trigger the removal deadline under the bright line test adopted by the Third Circuit in *McLaren v. UPS Store Inc.*, 32 F.4th 232, 239 (3d Cir. 2022) (adopting a bright line removal test that focuses on what the defendant receives in litigation, versus what it knows or should know from a subjective inquiry).

32.    Walmart had no basis to remove at the outset based on the averments in the Complaint and Amended Complaint because Plaintiff himself represented that his damages did not exceed Seventy-Five Thousand Dollars ($75,000.00) and Walmart was not required to conduct a subjective analysis of whether Plaintiff's claimed injuries met the jurisdictional threshold. *Id.*

33.    However, based on other paper Walmart received on and after June 3, 2026, it is now evident that Plaintiff seeks damages in excess of $75,000.

34.    When a case is not removable based on the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." See 28 U.S.C. § 1446(b)(3); see also § 1446(c)(3)(A).

35.    Case management memoranda qualify as "other paper" sufficient to create a basis for removal. *See*, *e.g.*, *Berry v. Wal-Mart Stores, East, L.P.,* 583 F. Supp. 3d 671, 679 (E.D. Pa. Feb. 2, 2022) (citing *Rosenfield v. Forest City Enterprises, L.P.*, 300 F. Supp. 3d 674, 678 (E.D. Pa. 2018).

36.    Expert reports also qualify as other paper sufficient to establish the amount in controversy and trigger the removal period. *Nicole B. v. Sch. Dist. of Phila.*, 2016 U.S. Dist. LEXIS 79650, *7 (E.D. Pa June 14, 2016).

37.    A document may provide the requisite degree of specificity that the amount in controversy is satisfied by: (1) offering "a clear statement of the damages sought"; (2) alleging "sufficient facts from which damages can be readily calculated";  or (3) "affirmatively revealing on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount. *Bambino-Forte v. JBH Trucking, Inc.*, 2025 U.S. Dist. LEXIS 255839, *5-6 (E.D. Pa. Dec. 10, 2025) (holding that a complaint alleging a herniated disc and torn Achilles tendon, without specified or readily calculable damages, did not establish an amount in controversy exceeding $75,000, and that the 30-day removal period began only upon receipt of the plaintiff's later $750,000 settlement demand).

38.    In this case, on June 3, 2026, Plaintiff filed a Case Management Memorandum where he attached a Life Care Plan estimating future care costs of $137,165.28. *Id.*

39.     If Plaintiff's future care costs alone are estimated at $137,165.28, the value of this matter clearly exceeds the jurisdictional threshold of $75,000.

40.     The life care plan produced by Plaintiff established for the first time that this matter was removable.

41.     This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because Plaintiff is diverse from the only properly joined and served Defendant and the matter in controversy exceeds $75,000 as set forth herein.

42.     Further, this Notice of Removal is timely filed within thirty (30) days of Walmart's receipt of other paper.

43.     Accordingly, the requirements of 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) are satisfied and this matter is properly removable.

**WHEREFORE**, Defendants respectfully request that this State Action be removed from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,
**MCDONNELL & ASSOCIATES, P.C.**

Dated: July 2, 2026                    By:      */s/ Peter Della Porta*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Email: pmcdonnell@mcda-law.com
Gwyneth R. Schrager, Esquire
Attorney I.D. No.: 319219
Email: gschrager@mcda-law.com
Peter Della Porta, Esquire
Attorney I.D. No. 331346
Email: pdellaporta@mcda-law.com
860 First Avenue, Suite 5B
King of Prussia, PA 19406
Telephone – (610) 337-2087
Facsimile – (610) 337-2575
*Attorneys for Defendants*

8